# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE AND DUKES COUNTY, OCTOBER TERM 1858, AT TAUNTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. BENJAMIN F. THOMAS,

---

Joseph B. Kelley *vs.* Charles Bowker & another.

A bill of lading, reciting a shipment of and agreeing to deliver " twenty two hundred and eighty two bushels of corn, more or less, all to be delivered," is complied with by delivering two thousand two hundred and seventeen bushels, if no more is shipped.

Action of contract by the master of the schooner Pavilion against the consignees to recover freight on a cargo of corn carried from New York to Danvers under this bill of lading:

" Shipped in good order and well conditioned by Lane & Mangum on board the schooner called the Pavilion, whereof is master            , now lying in the port of New York, and bound for Danvers, Mass.: To say, twenty two hundred and eighty two bushels corn, more or less, all to be delivered, being marked and numbered as in margin, and are to be delivered in the like order and condition at the port of Danvers, Mass., (the

langer of the seas only excepted) unto" the defendants at a certain freight per bushel.

At the trial in the court of common pleas in Barnstable, it appeared that the plaintiff delivered only two thousand two hundred and seventeen bushels, but that this was all the corn that he took on board. The defendants contended " that under the bill of lading the plaintiff was bound to deliver the quantity of corn, or number of bushels, therein named, except such reasonable quantity as might be lost in handling, or such reasonable deduction as should result from shrinkage, and that the words 'more or less' in the bill of lading only entitled the plaintiff to such a reasonable allowance in reduction of quantity, as should be the result of loss in handling, or of shrinkage in carrying." But *Morris*, J. instructed the jury that if the plaintiff had proved the delivery of all the corn he took on board, he had discharged his liability under the bill of lading, and was entitled to freight on the number of bushels actually delivered. A verdict was returned accordingly, and the defendants alleged exceptions.

*G. Marston*, ( *S. H. Phillips* with him,) for the defendants.

*H. A. Scudder*, for the plaintiff.

THOMAS, J. The question in this case is of the meaning and effect of the bill of lading. " Shipped in good order," &c., " To say, twenty two hundred and eighty two bushels of corn, more or less," &c. The master actually delivered only twenty two hundred and seventeen bushels. The defendants say that as between them and the master the quantity to be delivered is conclusively settled by the bill of lading; that the master is to account to them for the number of bushels stated, with a reasonable allowance for loss by handling and shrinkage. If you take from the bill of lading the words " more or less," the position is by no means certain. *Barrett* v. *Rogers*, 7 Mass. 297. *Clark* v. *Barnwell*, 12 How. 272. The insertion of these words excludes, we think, such conclusion. They show that the master did not mean to be bound by the number given; that it was an estimate rather than an exact measurement. *Shepherd* v. *Naylor*, 5 Gray, 591. *Vose* v. *Morton*, 5 Gray, 594.

*Exceptions overruled.*